UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                                            :          **ORDER REDUCING SENTENCE**
        -against-                            :          **CASE DOCKET NO. 08-cr-409**
                                                            :          **AND 13-cr-587**
MICHAEL ORTHODOX,                  :          **USMS NO.  76565-053**
                                                            :
                Defendant.          :
----------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On March 13, 2015, this Court sentenced Defendant Michael Orthodox ("Defendant") to 84 months of imprisonment followed by three years of supervised release with conditions on his plea of guilty to being a felon in possession of a firearm in Case Docket No. 13-cr-587 and to 24 months of imprisonment for his violation of the conditions of supervised release imposed in Case Docket No. 08-cr-409, which sentence was to run consecutive to the sentence imposed under Case Docket No. 13-cr-587, for an aggregate prison term of 108 months. *See,* Judgment & Commitment Order, Dkt. Entry No. 27.[1]  Before the Court is the Government's motion to reduce Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b)(2)(A) ("Rule 35(b)(2)(A)"). *See,* Gov't Mot., Dkt. Entry No. 56.  Defendant also so moved through counsel. *See*, Def. Mot., Dkt. Entry No. 57.  The Probation Department concurs with both parties to a modest sentence reduction of time served followed by three years of supervised release. *See*, Probation Mot. for Red. Sent. ("Prob. Mot." ), Dkt. Entry No. 59.  Defendant has a projected release date of July 7, 2022.  Govt. Mot., at 2; Def. Mot., at 1; Prob. Mot., at 1.

For the reasons set forth below, the motions are granted and Defendant is resentenced to TIME SERVED on each case docket, followed by three years of supervised release, with special

---

[1] For ease of reference, unless otherwise noted, the docket entries referred to are those in Case Docket No. 13-cr-587.  The same entries and filings were made under Case Docket No. 08-cr-409

conditions, only on Case No. 13-cr-587 and no supervised release to follow on Case No. 08-cr-409.

The Court has reviewed the motion papers submitted by all the parties and, for all the reasons set forth in said papers, which are incorporated herein by reference, the Court finds that the modest reduction in sentence as authorized by Rule 35(b)(2)(A) is warranted.  Moreover, despite having had some disciplinary issues while in custody as set forth in the Prob. Mot. at 2-4, Defendant also has made great strides in overcoming his long standing history of severe drug addiction, including obtaining medical assistance, and has participated in a number of educational and vocational programs while in custody. *Id.* at 2.  As noted by defense counsel, Defendant also suffered particularly harsh conditions of confinement due to contracting COVID-19 and other onerous confinement conditions caused by the pandemic and the Bureau of Prison's ("BOP") response thereto.  Def. Mot. at 3.  For a period of time, BOP unjustifiably withheld his drug treatment medication causing Defendant severe withdrawal symptoms requiring judicial intervention.  *Id.*  Finally, Defendant's counsel has proposed a re-entry plan involving Defendant's family that has been approved by Probation and the Court finds the plan satisfactory.  *See,* Def. Mot. at 3; Prob. Mot. at 4-5.

## CONCLUSION

For the reasons set forth above, the various motions requesting a reduction in Defendant's sentence are GRANTED and Defendant is hereby RESENTENCED TO A TERM OF TIME SERVED IN EACH CASE, Docket No. 13-cr-587 and 08-cr-409, to run concurrently with each other and followed by a term of three years of supervised release, with special conditions, only under Docket No. 13-cr-587 and no supervised release to follow under Docket No. 08-cr-409.  **The Bureau of Prisons is hereby ORDERED to release Defendant FORTHWITH.**

The following **Special Conditions of Supervised Release** are imposed:

1. Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Defendant also is advised that, as a convicted felon, he is prohibited by federal law to possess any firearm and, if found in possession of a firearm, would be subject to federal prosecution facing up to ten years of imprisonment. Moreover, should he possess a firearm during his term of supervised release, he would also face a violation of supervised release and imprisonment of up to two years;

2. Defendant shall participate in an outpatient drug treatment program approved by the U.S. Probation Department. Defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid. Defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay. Defendant shall not consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. Defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol;

3. Defendant shall participate in a mental health treatment program approved by the U.S. Probation Department. Defendant shall contribute to the cost of services rendered or any psychotropic medications as prescribed, via co-payment or full payment, in an amount to be determined by the Probation Department, based upon the defendant's ability to pay and/or the availability of third-party payment;

4. Defendant shall abstain from the consumption of prescription medication classified as opiates, benzodiazepines, stimulants, depressants, sedatives or hypnotics unless the prescribing physician is fully aware of the defendant's substance abuse history. Defendant shall immediately

notify the probation officer prior to filling any of the above listed prescription medications and permit the probation officer to contact any health care professional who prescribes any medication to the defendant. Defendant shall not purchase any medication via the Internet unless such medication is prescribed by a healthcare professional who conducts an examination of the defendant in person;

     5.     Defendant shall maintain lawful verifiable employment.

     6.     Defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner;

     7.     Defendant shall comply with the forfeiture order.

SO ORDERED.

DATED:     Brooklyn, New York
                April 13, 2022

                                                _____/s/_____
                                                     DORA L. IRIZARRY
                                            United States District Judge